# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF GEORGIA
# AUGUSTA DIVISION

ROBERT OWEN ARRINGTON,

    Petitioner,

v.

WARDEN, GDCP,

    Defendant.

CV 117-022

## O R D E R

Presently before the Court is Respondent's first and second motions for a scheduling order (docs. 60 & 68), Petitioner's motion to stay (doc. 62), and Petitioner's motion to amend (doc. 69).[1]

First, the Court addresses Petitioner's motion to stay. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Landis v. North American Co.,

---

[1] Document 69 is technically Petitioner's response to Respondent's second motion for a scheduling order, but the Court construes it as a motion to file an amended petition.

299 U.S. 248, 254 (1936)(citations omitted). After balancing the competing interests, the Court does not believe a stay is warranted in this case. Accordingly, the Court **DENIES** Petitioner's motion to stay.

Second, the Court addresses Petitioner's motion to amend his petition and Respondent's requests for a scheduling order. In its previous order, the Court explicitly dismissed Petitioner's petition without prejudice. Petitioner, therefore, shall have **FORTY-FIVE** days from the date of this Order to file an amended petition. The Court notes, however, that Habeas Corpus Rule 4 requires a district court to review petitions prior to requiring an answer by the respondent. Because the Court has not had an opportunity to review Petitioner's amended petition, the Court will not set any deadlines for Respondent's answer at this time. Rather, upon receiving Petitioner's amended petition, the Court will conduct an initial Rule 4 review. If, after conducting its review, the Court finds it should not dismiss the amended petition, the Court will order Respondent to file an amended answer. It will also set a scheduling order at that time. Thus, the Court **GRANTS** Petitioner's motion to amend and **DENIES** Respondent's motions for a scheduling order.

Accordingly, the Court **DENIES** Petitioner's motion to stay (doc. 62), it **DENIES** Respondent's motions for a scheduling order

2

(docs. 60 & 68), and it **GRANTS** Petitioner's motion to amend (doc. 69).

**ORDER ENTERED** at Augusta, Georgia, this 16th day of October, 2017.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA